IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KYLE REPPERT,<br><br>               Plaintiff,<br><br>vs.<br><br>KERRY FELD, CALIBER HOME LOANS INC., and THEODORE E. VASKO,<br><br>              Defendants. | **8:17CV102**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's request for an "Emergency Injunction." (*See* Filing No. 1.) It appears that Plaintiff's home was foreclosed upon. (*See id*. at CM/ECF p. 8.) The home subsequently sold to Defendant Theodore E. Vasko. (*Id*. at CM/ECF pp. 28-32.) Vasko filed suit against Plaintiff in Douglas County Court in Omaha, Nebraska because Plaintiff continues to unlawfully occupy the home. (*Id*.) The trial on Vasko's suit against Plaintiff was set to begin today. (*Id*. at CM/ECF p. 27.) Essentially, Plaintiff wants the court to prevent his eviction in the event that Vasko wins suit. (*See id*. at CM/ECF p. 5.)

In *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), the court clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id*. at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

In consideration of all of the factors, the court will not issue preliminary injunctive relief. There is no threat of irreparable harm to Plaintiff since, if he is wrongfully evicted, any responsible parties will be liable in damages. Further, the current state court proceeding provides Plaintiff with a proper forum to address whether Vasko is the proper owner or not of the property. The court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that: Plaintiff's request for "Emergency Injunction" (*See* Filing No. 1) is denied.

Dated this 27th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

2