IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KYLE REPPERT,<br><br>          Plaintiff,<br><br>vs.<br><br>KERRY FELD, CALIBER HOME LOANS INC., and THEODORE E. VASKO,<br><br>          Defendants. | 8:17CV102<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint in this matter on March 27, 2017 (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff purchased real property located at 1705 Martha Street, Omaha, Nebraska 68108 ("the Property") on or about July 11, 2013. Plaintiff executed a deed of trust naming Plaintiff as the borrower, Freedom Lending LLC as the lender, and attorney Matt Saathoff as the trustee. The loan was guaranteed by the Department of Veterans Affairs, as evidenced by the executed VA Guarantee and Assumption Policy Rider executed by Plaintiff. (Filing No. 1 at CM/ECF pp 9-10.) On November 2, 2016, Reppert's mortgage loan was sold to EverBank. (*Id*. at CM/ECF p. 7.) Caliber Home Loans was named as the servicer. (*Id*.) A letter dated November 7, 2016, informed Reppert of the sale of the Mortgage. (*Id*.)

Caliber Home Loans substituted attorney Kerry Feld as the trustee on the Deed of Trust on November 21, 2016. (*Id*. at CM/ECF p. 12.) Feld subsequently

executed a Notice of Default stating Plaintiff had failed to make debt payments as they became due and the debt was accelerated pursuant to the terms of the Deed of Trust. (*Id*. at CM/ECF p. 8.) The Trustee sold the property at a sale on March 6, 2017. It was purchased by Defendant Theodore Vasko. (*Id*. at CM/ECF p. 28.) On March 13, 2017, Vasko filed a Complaint for Unlawful Detainer in the County Court of Douglas County, Nebraska seeking to have Plaintiff vacated from the property. (*Id*.) Reppert subsequently filed his Complaint in this court naming Kerry Feld, Caliber Home Loans, Inc., and Theodore Vasko as Defendants. He seeks to have the sale of the Property voided and returned to him and monetary damages for "irreparable emotional harm."

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

2

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

**A. Due Process**

In this case, Defendant alleges his due process rights were violated because the government took his property without allowing adequate time to prepare his defense. He further alleges his sale of the Property by the trustee was fraudulent because he did not receive proper notice of the sale. Finally he asserts Caliber Home Loans had no authority to appoint Kerry Feld as the Trustee; therefore, the Notice of Default and subsequent sale of the Property were improper. The Complaint asserts both federal question jurisdiction and diversity jurisdiction are present.

Plaintiff fails to state a claim for which relief can be granted. Liberally construed, Plaintiff is asserting a claim against the individual defendants under 42 U.S.C. § 1983 for violating his right to due process by illegally conducting a trustee's sale. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

The complaint does not allege any state action for the purposes of section 1983. The trustee's sale of the Property was conducted privately without government participation. Likewise, Plaintiff is not alleging the government had any obligation to send him notice of default and/or notice of acceleration of the debt. Plaintiff does assert the "government" removed him from his home, but pleads no facts supporting this claim.

However, a determination that no state officer or employee was involved does not end the inquiry. "To act under color of state law . . . does not require . . . that the defendant be an officer of the state. Private acts or conduct may incur liability under § 1983 if the individual is a 'willful' participant in joint action with the State or its agents.'" *Midfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345-46 (8th Cir. 1987)(internal quotations omitted). Thus, even if the defendants are not officers of the state, if there is a sufficiently close nexus between the state and the challenged action, the action of the defendants may be treated as that of the State. *Id*. at 346.

In *Midfelt* the plaintiffs challenged the foreclosure and sale of their property under a trustee's sale pursuant to Missouri law. The Midfelts challenged the sale in federal court alleging, in part, their constitutional rights to due process were violated because they did not receive proper notice of the sale. The Eighth Circuit expressly held "there is no significant state involvement in the conduct of a trustee's sale and thus no state action." *Id*. at 346.

In this case, Reppert is arguing the defendants acted in violation of Nebraska's statutory scheme allowing extrajudicial sale of his property in violation of his right to due process. Like the Missouri law challenged in *Midfelt*, the Nebraska law recognizes the "contractual power of sale provisions" in deeds of trust. *See* Neb. Rev. Stat. § 76-1005. Plaintiff has not alleged the state of Nebraska was directly involved in the foreclosure and sale of Reppert's property, nor could he. The parties privately contracted to include the power of sale provision in the deed of trust and the state plays no part in the execution of the terms of the contract upon default. Accordingly, Defendants were not state actors and Plaintiff's claims based on any alleged violation of his due process fail.

### B. Department of Veterans Affairs Guarantee

Plaintiff's loan is guaranteed by the Department of Veterans Affairs (VA) and VA loans are subject to federal regulation. The loan guarantee provides the following:

> Any provisions of the Security Instrument or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations, including, but not limited to, the provision for payment of any sum in connection with prepayment of the secured indebtedness and the provision that the Lender may accelerate payment of the secured indebtedness pursuant to Covenant 18 of the Security Instrument, are hereby amended or negated to the extent necessary to conform such instruments to said Title or Regulations.

([Filing No. 1 at CM/ECF p. 9](#).) But Reppert makes no claim any of the provisions of the Deed of Trust violated, or are inconsistent with, the statutes and regulations governing VA guaranteed loans. Nor does Plaintiff assert a private right of action would be appropriate even if he could point to some violation of the law or provision in the Deed of Trust contrary to the controlling statutes or regulations. The court has serious questions that any private right of action exists even if Defendants violated any obligations they had under the statutes and regulations controlling VA guaranteed loans. *See [Rank v. Nimmo](#), 677 F.2d 692, 697 (9th Cir. 1982); [Brown v. First Tennessee Bank Nat. Ass'n](#), 753 F. Supp. 2d 1249, 1254-55 (N.D. Ga. 2009); [Bouldin v. Wells Fargo, N.A.](#), case no. 14cv722, 2014 WL 5317848 at \*4 (W.D. Tex. October 16, 2014).*

Despite the court's finding Reppert has not properly asserted a federal claim for which relief can be granted, Plaintiff will be allowed 30 days in which to amend his complaint to state whether any federal law with respect to the VA loan has been violated and whether he has any grounds on which to base a private right of action on any such alleged violation.

## C. State Law Claims

Reppert's Complaint also alleges his claims are appropriate to bring in federal court because of diversity of jurisdiction. That is, even if his claims are based entirely on an alleged violation of state law, he alleges this court has jurisdiction. To establish diversity jurisdiction the amount in controversy must be in excess of $75,000 and must be between citizens of different states. 28 U.S.C. § 1330(a)(1). Assuming, without deciding, Plaintiff's claims exceed $75,000 this court still does not have subject matter jurisdiction because one of the named Defendants – Theodore Vasko – is a resident of the state of Nebraska. Because Plaintiff also resides in Nebraska, complete diversity of the parties does not exist and this court does not have jurisdiction.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims based on the alleged violation of his right to due process are dismissed without prejudice.

2. Plaintiff's state law claims are dismissed for lack of subject matter jurisdiction without prejudice.

3. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint will result in dismissal of this matter without prejudice and without further notice.

4. The clerk's office is directed to set a pro se case management deadline in this matter: **June 17, 2017**: Check for amended complaint.

Dated this 18th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge